UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| Plaintiff, | : | Criminal Action No. 11-410 |
| v. | : | OPINION |
| JIMMIL HENDERSON | : | |
| Defendant. | : | |

This matter comes before this Court on a pro se motion styled as an "Omnibus Motion in Limine" [Dkt. 64] filed by Defendant Jimmil Henderson ("Henderson"). For the reasons set forth below, the Court will deny Henderson's motion.

**I. Background and Analysis**

On January 29, 2013, a jury convicted Henderson of one count each of possession with intent to distribute controlled substances under 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A)(i); and possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1). [*See* Dkt. 42]. On June 19, 2013, this Court sentenced Henderson to a 240-month term of imprisonment. [Dkt. 52]. On July 1, 2013, Henderson appealed his conviction and sentence to the Third Circuit Court of Appeals [Dkt. 53], but the Third Circuit affirmed on August 1, 2014. [Dkt. 54].

Henderson filed the present motion, which he styled as an "Omnibus Motion in Limine." [Dkt. 64]. In this motion, Henderson seeks six forms of relief:

1. "For all that is locked to be open…"
2. "For full audio and in camera view of all proceedings that happened before November 17, 2011."
3. "[F]ull copy of omni-bus [sic] motion that prior counsel put forth on docket dated 8-3-12"

1

> 4. "Audio of telephone conference on record by Government dated 8-7-12, modified on 8-15-12…."
> 5. "Jury's strike sheets, and its intire [sic] process."
> 6. "To re-open a motion that trial attorney dismissed (Page 3 of Trial Appendix II, Line 12-20) Motion for In Camera view, of the witnesses from the [sic] that testified before the Grand Jury to come back a true bill."

[*Id.*].

The Government opposes Henderson's motion on several grounds. [*See* Dkt. 67]. First, the Government argues that this motion is procedurally barred because motions in limine are pre-trial motions and not vehicles to pursue post-trial or post-conviction relief. [*Id.* at 1]. The Government is correct that motions in limine are not the means to pursue post-judgment relief. *See, e.g.*, *Bowers v. Nat'l Collegiate Athletic Ass'n*, 563 F. Supp. 2d 508, 532 (D.N.J. 2008) ("[A] motion in limine is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990)). But because Henderson has filed this motion pro se, the Court must construe his requests liberally and will not dismiss his motion on this ground alone. *See Liggon-Redding v. Est. of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011).

With respect to request (1) above, the Government argues that it cannot provide any relief because Henderson fails to clarify what is "locked" that should be "opened." [Dkt. 67 at 2]. Like the Government, the Court is unclear as to the relief that Henderson seeks with request (1), and therefore denies his motion as to this request.

Next, the Government argues that, to the extent request (2) above requests an audio recording of the November 17, 2011 proceedings, Henderson can obtain the recording by completing and submitting form AO 436 to the Administrative Office of the United States Courts. [Dkt. 67 at 2]. The Government also attached a copy of this form for Henderson's

reference. The Court agrees with the Government, and refers Henderson to form AO 436 to obtain the audio recordings he seeks.

In response to request (3) above, the Government provided a copy of the requested motion. [Dkt. 67 at 3]. The Court therefore denies Henderson's motion on this ground as moot.

The Government next argues that Henderson should also use form AO 436 to obtain audio recordings of a phone conference scheduled for August 7, 2012 and rescheduled for August 15, 2012 which Henderson seeks at request (4). [Dkt. 67 at 3]. The Court agrees, again refers Henderson to form AO 436, and denies Henderson's motion on this ground.

With respect to request (5), the Government argues that Henderson fails to specify what he means by "jury strike sheets" or "its entire process," and to provide legal support stating that he is entitled to the relief he seeks. [Dkt. 67 at 3]. If by the "entire process" Henderson refers to the transcript for jury selection and voir dire proceedings, the Government has made this information available to Henderson. [*See* Dkt. 67-2 at 38–154]. The Court does not maintain jury strike sheets as a matter of course, and does not possess the strike sheets for this case.

To the extent that Henderson seeks to challenge his conviction under 28 U.S.C. § 2255[1] based on jury bias or ineffective assistance of counsel due to his lawyer's performance during

---

[1] This statute provides, in part, that

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Defendants may use § 2255 to challenge their convictions based on their lawyer's constitutionally deficient representation, including errors committed during jury

jury selection, he is time barred from doing so. Defendants must challenge their convictions under § 2255 within one year of the date when their conviction becomes final. 28 U.S.C. § 2255(f). Because he did not file a petition for certiorari with the Supreme Court, Henderson's conviction became final ninety days after the Third Circuit denied his appeal on August 1, 2014. *See Clay v. United States*, 537 U.S. 522, 532 (2003) ("[F]or federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."); S. Ct. Rule 13 (stating that a certiorari petition "is timely when it is fled with the Clerk of this Court within 90 days after entry of the judgment."). The Court therefore denies Henderson's motion as to request (5).

Henderson's sixth request appears to stem from his counsel's pretrial request for a transcript of grand jury witness testimony. [*See* Dkt. 67-2 at 5]. Henderson's first counsel filed a motion to compel the Government to produce information bearing on witness credibility consistent with *Giglio v. United States*, 405 U.S. 150 (1972), among other things. [Dkt. 11-1 at 5]. Though this request does not specifically identify grand jury witness transcripts, it appears that the parties later understood this motion to contemplate such transcripts. [*See* Dkt. 67 at 5–6]. Henderson had new counsel appointed, who filed an "omnibus motion" which, among other things, asked the Court to permit new counsel to adopt prior counsel's motion to compel. [Dkt. 17]. During a January 15, 2013 hearing on these pretrial motions, counsel abandoned the grand jury transcript request for lack of legal basis after the Government represented that the grand jury witnesses would not testify at trial. [*Id.* at 5–6]. Counsel further stated that he would "preserve … my right to renew that motion as facts and circumstances change." [*Id.*]. The Court

---

selection, *see Baskerville v. United States*, No. CV 13-5881 (PGS), 2018 WL 5995501, at *20–21 (D.N.J. Nov. 15, 2018), and juror bias. *See United States v. Edwards*, No. CV 18-3232, 2019 WL 10778153, at *1 (3d Cir. Aug. 13, 2019).

dismissed the "omnibus motion" without prejudice. [Dkt. 38]. It appears that Henderson wishes to avail himself of the "right to renew that motion" which his counsel "preserved."

Assuming the Court properly understands Henderson, the Court rejects this sixth request. Henderson has not identified a legal basis for "renewing" a motion that counsel voluntarily withdrew more than eight years ago, where almost eight years have passed since his conviction, and where almost seven years have elapsed since the Third Circuit rejected his appeal. Moreover, he has not argued that the withdrawal of this motion caused him any prejudice, that the motion had any legal basis, that the motion should have or would have been granted, or that the requested transcripts could have or would have affected the outcome of his case.

To the extent that Henderson's sixth request aims to raise an ineffective assistance of counsel challenge based on his attorney's decision to withdraw the request for grand jury testimony transcripts, his challenge is untimely for the reasons discussed above.

## II. Conclusion

For the reasons discussed above, the Court will deny Henderson's motion. An appropriate order will follow.


June 29, 2021                                  /s/ Joseph H. Rodriguez
                                               Hon. Joseph H. Rodriguez